UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01630-WYD-KLM

Harold Sanderson,
    Plaintiff,

v.

Experian Information Solutions, Inc,
Equifax Information Services, LLC,
Trans Union, LLC,
Liberty Savings Bank, F.S.B.,
    Defendants.

## FIRST AMENDED COMPLAINT

1. Plaintiff is an individual consumer who resides at 18794 E. Powers Dr., Aurora, CO 80015.

2. Experian Information Solutions, Inc is located at 475 Anton Boulevard, Costa Mesa, CA 92626.

3. Equifax Information Services, LLC is located at 1550 Peachtree St. NW, Atlanta, GA 30309.

4. Trans Union, LLC is located at 555 W Adams St., Chicago, IL 60661.

5. Liberty Savings Bank, F.S.B. is located at 6460 E. Yale Avenue, Denver, CO 80222.

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. 1331 and 15 U.S.C. 1681, the Fair Credit Reporting Act (FCRA).

7. Plaintiff filed Chapter 7 bankruptcy on February 27, 2002, case number 02-12357-SBB.

8. Plaintiff's Chapter 7 bankruptcy was discharged on July 22, 2002.

9. At the time Plaintiff filed bankruptcy, he owned the property located at 4393 W. Parker Rd., Parker, CO 80134, which was secured by a Note and Deed of Trust held by Liberty Savings Bank, F.S.B.

10. During the Plaintiff's bankruptcy, the bankruptcy trustee that was appointed sold Plaintiff's interest in 4393 W. Parker Rd to Richard D. Hughes, and Mr. Hughes took it subject to the note held by Liberty.

11. In or around March 2014, the Plaintiff discovered that Defendant Liberty Savings Bank was reporting false information about him on his credit report. More specifically, Liberty Savings Bank was reporting that Plaintiff was past due, derogatory, and was personally liable for a mortgage debt, which was false and misleading because Plaintiff's bankruptcy was discharged more than 10 years ago and the Liberty tradeline should not have even been on his credit report, and because Richard Hughes was the responsible party, who took the property subject to the note.

12. In or around April 1, 2014, the Plaintiff delivered written disputes to Defendants Experian, Equifax, and Trans Union regarding the Liberty Savings Bank tradeline, which notified the Defendants of the nature of the dispute and requested that the account be removed from Plaintiff's credit report and credit file.

13. In response to Plaintiff's disputes, Defendants Experian, Equifax, and Trans Union changed the Liberty Savings tradeline to reflect that the loan balance was $0 and that the account status was "account included in bankruptcy", and that the account would remain on Plaintiff's credit report for another 7 years, 2021, which was still false and misleading. Specifically, the Liberty Savings Bank account should not have been reported on Plaintiff's credit report after 2009, which would have been 7 years from the date of the bankruptcy. Defendants' attempts to "re-age" the account to show the default as 2014 rather than 2002 is an unfair and deceptive attempt to keep the Liberty Savings account on Plaintiff's credit report until 2021 rather than the correct year, 2009.

14. According to FTC Guidelines and regulations, an account that has been discharged in bankruptcy should be reported for no more than 7 years from the date of the bankruptcy filing. The bankruptcy information should be in the public records section of the credit report for 10 years from the date of the filing of the bankruptcy.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

15. Experian violated 15 U.S.C. 1681e(b) by failing to maintain procedures to ensure the maximum possible accuracy on Plaintiff's credit report.

16. Experian violated 15 U.S.C. 1681i by failing to conduct a reasonable reinvestigation into Plaintiff's dispute, by failing to delete the inaccurate information from Plaintiff's credit file after it could not be verified, by failing to properly review and consider Plaintiff's dispute and all relevant information, and by failing to forward all relevant information to the data furnisher, Liberty Savings Bank.

17. Experian's violations of the FCRA was a cause of the Plaintiff's actual damages, including reduction in credit score, having false and misleading information on his credit report, harm to reputation, stress, and worry. Plaintiff also believes that the Liberty

Savings Bank tradeline was a substantial factor in Plaintiff's loan applications being denied after Experian's reinvestigation took place.

18. Experian's violations of the FCRA were negligent, thus entitling Plaintiff to actual damages, plus attorney fees and costs.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT EQUIFAX

19. Equifax violated 15 U.S.C. 1681e(b) by failing to maintain procedures to ensure the maximum possible accuracy on Plaintiff's credit report.

20. Equifax violated 15 U.S.C. 1681i by failing to conduct a reasonable reinvestigation into Plaintiff's dispute, by failing to delete the inaccurate information from Plaintiff's credit file after it could not be verified, by failing to properly review and consider Plaintiff's dispute and all relevant information, and by failing to forward all relevant information to the data furnisher, Liberty Savings Bank.

21. Equifax 's violations of the FCRA was a cause of the Plaintiff's actual damages, including reduction in credit score, having false and misleading information on his credit report, harm to reputation, stress, and worry.  Plaintiff also believes that the Liberty Savings Bank tradeline was a substantial factor in Plaintiff's loan applications being denied after Trans Union's reinvestigation took place.

22. Equifax's violations of the FCRA were negligent, thus entitling Plaintiff to actual damages, plus attorney fees and costs.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT TRANS UNION

23. Trans Union violated 15 U.S.C. 1681e(b) by failing to maintain procedures to ensure the maximum possible accuracy on Plaintiff's credit report.

24. Trans Union violated 15 U.S.C. 1681i by failing to conduct a reasonable reinvestigation into Plaintiff's dispute, by failing to delete the inaccurate information from Plaintiff's credit file after it could not be verified, by failing to properly review and consider Plaintiff's dispute and all relevant information, and by failing to forward all relevant information to the data furnisher, Liberty Savings Bank.

25. Trans Union 's violations of the FCRA was a cause of the Plaintiff's actual damages, including reduction in credit score, having false and misleading information on his credit report, harm to reputation, stress, and worry.  Plaintiff also believes that the Liberty Savings Bank tradeline was a substantial factor in Plaintiff's loan applications being denied after Trans Union's reinvestigation took place.

26. Trans Union's violations of the FCRA were negligent, thus entitling Plaintiff to actual damages, plus attorney fees and costs.

27. Liberty Savings Bank violated 15 U.S.C. 1681s-2(b) by failing to conduct a reasonable investigation into Plaintiff's dispute, failing to review all relevant information provided to it by the credit reporting agencies, and by failing to delete the inaccurate tradeline after it could not be verified as correct.

28. Liberty Savings Bank's violations of the FCRA was a cause of the Plaintiff's actual damages, including reduction in credit score, having false and misleading information on his credit report, harm to reputation, stress, and worry.  Plaintiff also believes that the Liberty Savings Bank tradeline was a substantial factor in Plaintiff's loan applications being denied after Experian's reinvestigation took place.

29. Liberty Savings Bank's violations of the FCRA were negligent, thus entitling Plaintiff to actual damages, plus attorney fees and costs.

WHEREFORE, Plaintiff prays for the following relief:

a. actual damages to be determined at trial;
b. Attorney fees and costs.
c. For an order directing all the Defendants to delete the inaccurate information from Plaintiff's credit report.

Dated:  June 12, 2014

        s/ Matthew R. Osborne
        Matthew R. Osborne, Esq.
        Law Office of Matthew R. Osborne
        2055 S. Oneida St. #370
        Denver, CO 80224
        (303) 759.7018
        Email: matt@mrosbornelawpc.com

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.**